# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, | |
| Plaintiff, | Civil Action No. 15-127 |
| v. | Judge Cathy Bissoon |
| | Magistrate Judge Lisa Pupo Lenihan |
| UNITED STATES MARSHALS SERVICE, *et al.*, | |
| Defendants. | ECF No. 15 |

## REPORT AND RECOMMENDATION

I.  **RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion to Remand (ECF No. 15) be denied.

II. **REPORT**

On or about November 17, 2014, Plaintiff Frederick Banks commenced this civil action in the Allegheny County Court of Common Pleas against the United States of America and several federal officials and judges ("Federal Defendants"), as well as the County of Allegheny and several of its officials ("County Defendants"). Plaintiff is seeking damages against Defendants for allegedly confining him in the Allegheny County Jail beyond his release date and for conditions of his confinement.

Subsequently, one of the Federal Defendants, David J. Hickton, United States Attorney, filed a Notice of Removal (ECF No. 1), effectively removing the action to this

federal court on January 30, 2015, pursuant to 28 U.S.C. §§ 1442 and 1446, as the United States of America has been named as a party defendant in the action. Thereafter, the Federal Defendants filed a motion to dismiss all of Plaintiff's claims against them with prejudice (ECF No. 10) on July 16, 2015. The Court then entered an order directing Plaintiff to file his response and/or brief in opposition to the motion to dismiss by August 7, 2015 (ECF No. 12).

At some point after Plaintiff initiated this action in the court of common pleas, he was released from custody.[1] Just days before his response to the motion to dismiss was due, Plaintiff was arrested on or about August 5, 2015 on a new federal indictment in Case No. 2:15-cr-168. Upon learning of Plaintiff's incarceration, the Court entered an Order on September 9, 2015 (ECF No. 14) extending the deadline for responding to the motion to dismiss, and mailed a copy of the Order and pertinent documents in the case to Plaintiff at Allegheny County Jail ("ACJ"), the Court having determined that ACJ was the correctional facility where Plaintiff was currently detained pending trial.

On September 21, 2015, Plaintiff filed his Reply in Opposition to Defendants' Motion to Dismiss (ECF No. 15). In that same document, Plaintiff also included a motion to remand, which is liberally construed from the following statement: "Plaintiff has an In Forma Pauperis motion pending in State Court[. U]pon remand if the State

---

[1] A 7/17/15 remark on the docket in this civil action indicates that recent complaints filed by Plaintiff in this district (as recent as June 22, 2015) listed Plaintiff's address of record as: Hamilton Brown, 600 Grant Street, Suite 660, Pittsburgh, PA 15219. Plaintiff has not informed the Court of any of his address changes, despite his obligation to do so.

Court grants the motion the Sheriff's will serve the Complaint[.]"² *See* Reply in Opp'n at 2. Plaintiff does not offer any argument or authority in support of his motion to remand.

Under 28 U.S.C. § 1447(c), a motion to remand that is based on a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under §1446(a). If the motion to remand is predicated on a lack of subject matter jurisdiction, remand may be requested any time before final judgment has been entered. 28 U.S.C. § 1447(c). It is clear from the notice of removal and Complaint that no basis exists for granting Plaintiff's motion to remand.

To the extent Plaintiff is requesting remand based on a procedural defect, he has waived such a challenge. *Ramos v. Quien,* 631 F.Supp. 2d 601, 608 (E.D.Pa. 2008) (citing *In re FMC Corp. Packaging Sys. Div.,* 208 F.3d 445, 450 (3d Cir. 2000)) (other citations omitted) (holding that motion to remand based on procedural defects "is clearly waived if it is not raised within thirty days after the filing of the notice of removal."). Plaintiff's motion to remand was filed on September 21, 2015, 234 days after the notice of removal was filed, which is 204 days after the deadline for requesting remand in § 1447(c). Moreover, the 30-day requirement is mandatory and a good cause exception does not appear to apply. *Felts v. Cleveland Housing Auth.,* 821 F.Supp. 2d 968, 974 (E.D. Tenn.

---

² Plaintiff's request for *in forma pauperis* status was never ruled upon by the state court and it is a moot issue here in federal court, because when the Federal Defendants removed the case to this Court, as the removing party, they were required to pay the filing fee. 28 U.S.C. §1914(a); *see also* Mem. Order dated 4/2/15 (ECF No. 6) at 2. Therefore, since Plaintiff has not been granted *in forma pauperis* status, he is required to effectuate service on the Defendants himself and he may not rely on the U. S. Marshals to do so.

3

2011) (comparing 28 U.S.C. §§ 1446-47 with Fed. R. Civ. P. 4(m)).  Therefore, Plaintiff has waived any challenge to a potential procedural defect in the removal of this action.

In addition, this Court clearly possesses subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In his Complaint, Plaintiff alleges that the director of the U.S. Marshals Service violated his Fifth and Eighth Amendment rights by holding him beyond his prison sentence expiration date.  Compl., ¶1.  Plaintiff also alleges violations of the Due Process clause of the Fifth and Fourteenth Amendments as to the County of Allegheny for not responding to his complaints placed in the prison complaint box.  *Id.* at ¶2.  In addition, Plaintiff claims that while incarcerated at ACJ, he was not allowed to make any legal calls and denied access to his legal and personal mail from his former prison, NEOCC, nor was he provided with envelopes to send legal mail, all in violation of the First, Fifth and Fourteenth Amendment Due Process Clause and Right to Association.  *Id.* at ¶3.  He further contends that he was denied a haircut and working shaver while at ACJ in violation of the Eighth Amendment.  *Id.* at ¶¶ 4-5.  In addition, Plaintiff alleges that he was denied the right to practice his Wicca religion in violation of the First and Fourteenth Amendments, the Religious Freedoms Restoration Act, and Religious Institutionalized Persons Act.  *Id.* at ¶¶ 6-7.  Plaintiff further alleges that he did not receive the indigent pack that inmates are supposed to receive when they arrive at ACJ, even after requesting same, in violation of the class of one equal protection, under the Fifth and Fourteenth Amendments.  *Id.* at ¶ 8.  Plaintiff

also alleges in conclusory fashion that Defendants obstructed his access to the courts to prejudice his civil actions in the court of common pleas and civil and criminal cases in federal court, in violation of the First Amendment retaliation clause and right to petition the government for redress of grievances, Fifth and Fourteenth Amendments. *Id.* at ¶9. Finally, Plaintiff asserts a claim under the "bad men" provision of Article I of the Sioux Treaty of Fort Laramie, 15 Stat. 635 (1868). *Id.* at ¶12. Clearly, Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. Therefore, since this Court possesses subject matter jurisdiction over Plaintiff's claims, and Plaintiff has waived any objection to a procedural defect, no basis exists for remanding this action to state court.

Moreover, removal of this action was proper under 28 U.S.C. § 1442, as Plaintiff has named the United States of America and several federal officials, agencies and judges as Defendants in this action who are "persons" within the meaning of the statute, and it appears from the Complaint that Plaintiff's claims are based upon the conduct of the Federal Defendants acting under color of their respective federal offices, and this case raises "'a Federal question or a claim to a Federal right . . . [which] must be decided therein.'" *In re Commwealth's Motion to Appoint Counsel Against or Directed to Defendant Ass'n of Phila.*, 790 F.3d 457, 466-73 (3d Cir. 2015) (quoting *Mesa v. California*, 489 U.S. 121-126-27 (1989)) (other citation omitted). *See also* 28 U.S.C. § 1442(a)(1).

Accordingly, for the reasons set forth above, the Court recommends that Plaintiff's Motion to Remand (ECF No. 15) be denied.

5

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file objections thereto. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections shall constitute a waiver of any appellate rights.

Dated: October 1, 2015                                BY THE COURT:

                                                      s/Lisa Pupo Lenihan
                                                      LISA PUPO LENIHAN
                                                      United States Magistrate Judge

cc:     Frederick Banks
        Allegheny County Jail
        #120759
        950 Second Avenue
        Pittsburgh, PA  15219
        *Via U.S. First Class Mail*

        All Counsel of Record
        *Via CM/ECF Electronic Mail*