IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK BANKS,

    Plaintiff,

v.

UNITED STATES MARSHALS
SERVICE, *et al.*,

    Defendants.

Civil Action No. 15-127

District Judge David Stewart Cercone
Magistrate Judge Lisa Pupo Lenihan

ECF No. 29

## MEMORANDUM ORDER

On January 13, 2016, Plaintiff filed a Motion for Sanctions against County Defendants, the FBI and the Allegheny County Police, and Objections to the Report and Recommendation (ECF No. 28). *See* ECF No. 29.

With regard to his motion for sanctions, Plaintiff alleges that the Allegheny County Police ("ACP") send and receive the mail at the Allegheny County Jail ("ACJ"). *Id.* at ¶1. Plaintiff further alleges that he has learned that the FBI and ACP have been obstructing and copying his legal and personal mail, and that several other prisoners have had similar experiences, and had mail go missing. *Id.* Banks requests a hearing to present testimony from these prisoners. *Id.* The Court finds that Plaintiff's motion for sanctions is not properly before this Court, as it does not comply with Federal Rule of Civil Procedure 11. More importantly, Plaintiff cannot obtain sanctions against non-parties to a lawsuit, which both the FBI and ACP are. Furthermore, Plaintiff has not indicated whether he exhausted the grievance process at the ACJ with regard to the

complaints about his legal and personal mail. Therefore, Plaintiff's motion for sanctions will be denied. Also, Plaintiff's request for an evidentiary hearing will be denied as moot since the motion for sanctions is not properly before this Court.

As to the request for sanctions against the County Defendants, Plaintiff contends that they are obstructing the mail to avoid continuing this action and did not respond to the waivers of summons forms that he provided to them, and therefore, he maintains that it is clear they are avoiding service. Plaintiff's argument is wholly conclusory and lacking any factual basis, and therefore, fails to establish a basis for imposing sanctions.

First, Plaintiff does not identify which of the County Defendants allegedly engaged in this activity. Moreover, the conduct Plaintiff describes — failure to respond to waivers — is not sanctionable. Under Rule 4, defendants have the option (and indeed are encouraged) to execute waivers of service of summons. *See* Fed. R. Civ. P. 4(d)(1). If defendants refuse to do so, then personal service of the summons and complaint is required, and absent good cause, they must pay plaintiff's expenses incurred in making personal service. Fed.R. Civ. P. 4(d)(2). Thus, when executed waivers are not returned, a plaintiff is responsible for arranging for personal service of the complaint and summons on the defendants (by a person who is at least 18 years of age and not a party, *see* Fed. R. Civ. P. 4(c)(2)), and once personally served, providing proof of service in the form of an affidavit prepared by the person who personally served the defendants, *see* Fed. R. Civ. P. 4(*l*). Banks has yet to provide the required affidavits for Defendants Harper, Schenk, and McSwiggin, and he failed to file the executed waiver returned to him from Defendant Fitzgerald. *See* Order to File Proper Proof of Service at 3 (ECF No.

2

26), dated 12/4/15. Therefore, at this point, any culpability with regard to service rests with Plaintiff, not the County Defendants. Accordingly, no basis exists for imposing sanctions against Defendants Harper, Schenk and McSwiggin.

Plaintiff also requests a hearing to determine whether County Defendants Harper, Schenk, and McSwiggin are avoiding service and obstructing this civil action through others. ECF No. 29 at ¶2.[1] A hearing is not necessary at this juncture as Plaintiff has failed to establish any basis for imposing sanctions against these Defendants. Therefore, Plaintiff's motion for a hearing on this issue will be denied.

The Court also notes that although absent from the heading, the narrative section of the Motion for Sanctions contains a motion to join an unknown number of named FBI agents, the FBI, the Allegheny County Police, and an unknown number of named inspectors in the ACJ mailroom. *See* ECF No. 29 at ¶1. However, Plaintiff fails to indicate whether he is proceeding under Rule 19 (required joinder) or 20 (permissive joinder), or to present any supporting facts or argument for granting the motion. As such, this motion borders on the frivolous. If Plaintiff wishes to join any persons as defendants to this action, he must file a separate motion setting forth facts and/or legal arguments to show that he has met the requirements for joinder under either Rule 19 or 20.

---

[1] In support of his request, Plaintiff states that he is upset because he still is not being provided the requested religious materials or a religious volunteer to practice wicca, and that the Court should issue a preliminary and permanent injunction against the County Defendants to provide him with the same. ECF No. 29 at ¶2. This argument goes to the merits of Plaintiff's claims against some of the County Defendants and is premature since he has yet to prove that service has been effectuated on Defendants Harper, Schenk, and McSwiggin.

3

Plaintiff categorizes the above arguments as "Objections" to the Report and Recommendation (ECF No. 28). He further states in support of his "Objections" that he sent an updated proof of service to the Court before 12/14/15 under the prison mailbox rule, but the Court did not receive it, allegedly due to the obstruction of his mail by the ACP and FBI. ECF No. 29 at ¶1. Plaintiff also claims that the jail does not provide photo copies. *Id.* Based solely on Plaintiff's assertion that he sent an updated proof of service to the Court before the deadline, the Court will recommend to the District Judge that he delay ruling on the pending Report and Recommendation (ECF No. 28) until Plaintiff has been provided additional time to file proper proof of service. Plaintiff will be granted an additional fourteen (14) days to obtain proper proof of service as detailed in the Report and Recommendation—an affidavit sworn by the person serving process for each of the Defendants Harper, Schenk, and McSwiggin—and file same with the Court. If Plaintiff files *proper* proof of service within the extended deadline, the undersigned will vacate the Report and Recommendation filed at ECF No. 28. However, if Plaintiff fails to file *proper* proof of service by the extended deadline, the District Judge will rule on the pending Report and Recommendation (ECF No. 28).

Accordingly, the following Order is entered:

**AND NOW, this 19th day of January, 2016, IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 29) is **DENIED**. Plaintiff's request for a hearing on the motion for sanctions is therefore **DENIED AS MOOT.**

4

**IT IS FURTHER ORDERED** that Plaintiff's motion to join an unknown number of named FBI agents, the FBI, the Allegheny County Police, and an unknown number of named inspectors in the ACJ mailroom is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for hearing to determine whether County Defendants Harper, Schenk, and McSwiggin are avoiding service and obstructing this civil action through others is **DENIED**. However, Plaintiff shall be allowed an addition fourteen (14) days, until February 2, 2016, to file proper proofs of service with the Court as to Defendants Harper, Schenk and McSwiggin. Failure to do so by the deadline will result in the District Judge ruling on the pending Report and Recommendation (ECF No. 28) without further notice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Frederick Banks
Allegheny County Jail
#120759
950 Second Avenue
Pittsburgh, PA 15219
*Via U.S. First Class Mail*

5

All Counsel of Record
*Via CM/ECF Electronic Mail*